Filed 10/23/24  P. v. Frias CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B329215 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA150959 |
| DANIEL FRIAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted Daniel Frias of first degree murder and found true several aggravating circumstances and firearm enhancements.

After rival gang members carjacked and "pistol-whipped" him at a Jack in the Box, Frias planned his revenge with two others. Frias entered the home of a young "fool" he believed to be one of the rivals while a compatriot robbed two people in front of the home. Frias shot the assumed rival dead in a hallway, emptying his firearm and shooting at close range, in front of people Frias believed were the victim's family. Frias admitted these acts on tape and said he felt no remorse. In fact, he felt better after the killing and only was remorseful that the victim, or someone else, "made me look like a bitch."

We do not detail additional evidence because Frias's appeal challenges just one aspect of his sentencing.

The trial court sentenced Frias in January 2023. This was *a full year* after the effective date of Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended Penal Code section 1385 to empower courts to dismiss enhancements in furtherance of justice and added a list of mitigating circumstances heavily favoring dismissal to guide this determination. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1030–1031 (*Walker*); Pen. Code, § 1385, subd. (c).) All further statutory citations are to the Penal Code.

Frias's sentencing also took place *five years* after the effective date of Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended section 12022.53 to enable courts to strike firearm enhancements. (See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–16.)

Ahead of Frias's sentencing, in October 2022, the prosecution filed a sentencing memorandum that noted the court had discretion to dismiss the firearm enhancements under sections 1385 and 12022.53, subdivision (h). The memorandum highlighted several aggravating factors and argued the court should impose 50 years to life on the first count (for murder) and should stay the punishment on the second count (for burglary).

Frias's attorney filed a declaration that did not ask the court to dismiss any enhancement. Rather, the declaration explained Frias wished to proceed with sentencing before a hearing under *People v. Franklin* (2016) 63 Cal.4th 261, as the *Franklin* brief was a work in progress and the court had "very little sentencing discretion."

At the January 2023 sentencing hearing, Frias's attorney did not move to strike any enhancement. He reiterated that "this is an indeterminate sentence" and said he largely did not object to the prosecution sentencing memorandum.

The trial court acknowledged it had discretion to reduce or stay the firearm allegation but determined it would not do so in light of the circumstances of this crime, Frias's "callous and wanton use of the weapon."

The court sentenced Frias to 50 years to life. This was 25 years to life on the murder count, plus a consecutive 25 years to life for the firearm enhancement under section 12022.53, subdivision (d) (personal and intentional discharge of a firearm causing death). The court stayed the terms related to the burglary count.

On appeal, Frias asserts section 1385, subdivision (c)(2)(C), required dismissal of the firearm enhancement. This subdivision lists the following as a mitigating circumstance: "The application

3

of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed."
(§ 1385, subd. (c)(2)(C).)

Frias claims he satisfied this provision, and establishing any of the listed mitigating circumstances erects a rebuttable presumption the enhancement should be dismissed.  Frias further argues the trial court was unaware of its discretion and violated his due process rights in imposing the enhancement without making an explicit finding that dismissal would endanger public safety.

Frias forfeited his appellate challenge by not objecting or raising this issue at the trial court.  (See *People v. Scott* (2015) 61 Cal.4th 363, 406 [absent an objection to the sentence at trial, a defendant may not assert appellate claims involving the trial court's failure to make or to articulate discretionary sentencing choices]; *People v. Coleman* (2024) 98 Cal.App.5th 709, 723–724 [defendant forfeited the claim that his enhancements should have been stricken under amended section 1385 by not asking the trial court to strike them].)

Contrary to what Frias claims, the record does not show the trial court was unaware of section 1385, subdivision (c).  And there is no unauthorized sentence problem preventing forfeiture.  (See *In re G.C.* (2020) 8 Cal.5th 1119, 1130 [an unauthorized sentence is one that could not lawfully be imposed in the case under any circumstance].)  In *Walker*, our Supreme Court recently ruled there is no presumption in favor of dismissal under amended section 1385, subdivision (c).  (*Walker*, *supra*, 16 Cal.5th at pp. 1028–1033.)  Courts retain discretion to impose enhancements even when mitigating circumstances are present

4

and absent a finding that dismissal would endanger public safety. (*Id.* at p. 1029.)  Frias's sentence thus was legally authorized.

Frias claims his trial counsel was ineffective in not seeking to dismiss the enhancement under the Penal Code provision he raises now.  This claim requires Frias to show deficient performance by counsel and prejudice.  (*People v. Johnsen* (2021) 10 Cal.5th 1116, 1165.)  On direct appeal, we find deficient performance only if (1) the record shows counsel had no rational tactical purpose for the challenged omission, (2) counsel was asked for a reason and failed to provide one—something that did not happen here—or (3) no satisfactory explanation could exist.  (*See ibid.*)

Defense counsel's failure to raise subdivision (c)(2)(C) of section 1385 was eminently rational.  On its face, this subdivision applies only when "*application of an enhancement* could result in a sentence of over 20 years."  (§ 1385, subd. (c)(1)(C), italics added.)  Here, without the enhancement, the murder count meant an indeterminate term of 25 years to life.  (See § 190, subd. (a).)  Frias cites no case or other authority holding this provision applies whenever the base term is greater than 20 years, as here.  His interpretation of the statute is incorrect.  (See Couzens, Bigelow & Prickett, Sentencing California Crimes (The Rutter Group 2024) § 12:11, subd. (F)(3) ["There will be no entitlement to relief unless it is the application of the term for the enhancement that results in a sentence of longer than 20 years.  Accordingly, the right to relief under this provision will not be available to defendant[s] sentenced under the Indeterminate Sentencing Law (ISL)."].)

Presumably, the Legislature would say so if it intended to do away with enhancements for defendants with indeterminate

5

sentences.  (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 [courts do not presume the Legislature, when enacting a statute, intends to overthrow long-established legal principles unless this intention is clearly expressed or necessarily implied].)

There was no ineffective assistance of counsel.

## DISPOSITION

We affirm the judgment.


WILEY, J.


We concur:


STRATTON, P. J.


VIRAMONTES, J.

6